NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW J. PLATKIN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and CARI FAIS, ACTING DIRECTOR OF THE NEW JERSEY DIVISION OF CONSUMER AFFAIRS, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION; EXXON MOBIL OIL CORPORATION; BP P.L.C.; BP AMERICA INC.; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; SHELL PLC; SHELL OIL COMPANY; and AMERICAN PETROLEUM INSTITUTE, <br><br> Defendants. | Civil Action No. 22-cv-06733 (RK) (JBD) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

THIS MATTER comes before the Court on Plaintiffs' Motion to Remand to state court and for costs and attorneys' fees. (ECF No. 86). Defendants' Motion to Stay is also still pending. (ECF No. 75). Shortly after removal on November 22, 2022, the Court approved the parties' stipulated extended schedule to brief Defendants' Motion to Stay and Plaintiffs' Motion to Remand. (ECF No. 36). Defendants' Motion to Stay and the parties' briefing was formally filed on February 13, 2023. (ECF Nos. 75, 76, 77). Plaintiffs' Motion to Remand and the parties' briefing was formally filed on May 3, 2023. (ECF Nos. 86, 87, 88, 89). Defendants evidently no

1

longer contest remand but oppose paying Plaintiffs' costs and fees.

The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court grants Plaintiffs' Motion to Remand the case to state court but declines to award attorneys' fees. Because the case will return to state court, Defendants' Motion to Stay is denied as moot.

I.   **BACKGROUND**

This case is one of many across the country brought by state governments seeking to hold energy companies responsible for their alleged misrepresentations about the effects consuming energy products has on the global climate and, in turn, the states' residents. On October 18, 2022, Plaintiffs sued Defendant energy companies in the Superior Court of New Jersey, Law Division, Mercer County, alleging failure to warn, negligence, impairment of the public trust, trespass, public and private nuisance, and violations of New Jersey's Consumer Fraud Act. (Complaint, ECF No. 1-2 at 159–93).

On November 22, 2022, Defendants removed the case from state court, raising five grounds for federal jurisdiction. (Notice of Removal ("NOR"), ECF No. 1). First, Defendants argued that Plaintiffs' claims necessarily arise under federal law as a matter of constitutional law and structure. (*Id.* at 14–27). Second, Defendants claimed this Court had jurisdiction under the Outer Continental Shelf Lands Act. (*Id.* at 27–36). Third, Defendants contended that the federal officer removal statute covered Defendants' conduct. (*Id.* at 36–123). Fourth, the NOR claimed that Plaintiffs' claims necessarily raised a disputed and substantial question of federal law. (*Id.* at 124–43). Finally, Defendants argued that Plaintiffs' claims implicate conduct that occurred on federal

enclaves, over which federal courts have original jurisdiction. (*Id.* at 143–49).

In their NOR and uniformly since, Defendants have acknowledged that the Third Circuit Court of Appeals in *City of Hoboken v. Chevron Corp.*, 45 F.4th 699 (3d Cir. 2022) considered and rejected the predominance of assorted jurisdictional grounds raised in Defendants' NOR. (ECF No. 1 at 4; Reply Br. in Supp. of Mot. to Stay, ECF No. 77 at 1; Br. in Opp'n to Mot. to Remand, ECF No. 88 at 2). Nevertheless, Defendants explained that timely removal in November 2022 was necessary to avoid forfeiting jurisdiction in case the Supreme Court reversed *City of Hoboken*. (ECF No. 1 at 6).

In the months after removal, Defendants moved to stay the federal litigation until the Supreme Court could decide several pending petitions for certiorari in which Defendants raised identical jurisdictional arguments foreclosed in *City of Hoboken*. Plaintiffs, meanwhile, moved to remand the case to state court immediately, arguing no need to await a decision on Defendants' pending petitions. On April 24, 2023, the Supreme Court denied the petitions for certiorari in five of the six cases Defendants had relied on. On May 15, 2023, the Supreme Court denied the final petition in *City of Hoboken*. (ECF No. 92).[1] Given the Supreme Court's refusal to hear Defendants' appeals, the parties no longer appear to contest that remand is proper, and remand will moot Defendants' motion to stay.

The remaining dispute concerns whether Defendants should pay costs and attorneys' fees for removing in the first place. Plaintiffs argue that Defendants lacked any legal basis to remove

---

[1] *See Suncor Energy (U.S.A.) Inc. v. Bd. of Comm'rs of Boulder Cnty.*, __ S. Ct. __, 2023 WL 3046222 (Apr. 24, 2023); *BP P.L.C. v. Mayor & City Council of Baltimore*, __ S.Ct. __, 2023 WL 3046224 (Apr. 24, 2023); *Chevron Corp. v. San Mateo Cnty.*, __ S. Ct. __, 2023 WL 3046226 (Apr. 24, 2023); *Shell Oil Prods. Co. v. Rhode Island*, __ S. Ct. __, 2023 WL 3046229 (Apr. 24, 2023); *Sunoco LP v. City & Cnty. of Honolulu*, __ S. Ct. __, 2023 WL 3046227 (Apr. 24, 2023); *Chevron Corp. v. Hoboken*, __ S. Ct. __, 2023 WL 3440749 (May 15, 2023).

3

because *City of Hoboken* was binding Third Circuit precedent at the time. (Br. in Supp. of Mot. to Remand, ECF No. 87 at 29). Defendants' surmise and aspiration for Supreme Court intervention, so Plaintiffs argue, cannot justify removal given the Third Circuit's clear pronouncements. (*Id.*). Plaintiffs argued that Defendants' removal decision in the face of *City of Hoboken* was calculated to "maximize[] delay and impose[] significant burdens on Plaintiffs." (Reply Br. in Supp. of Mot. to Remand, ECF No. 89 at 6). Furthermore, continue Plaintiffs, had Defendants wanted to protect their federal jurisdiction, they could have used a less costly procedural mechanism than removing and moving to stay the action. (*Id.* at 5–6).

Defendants argue against fees and that their removal rested on more than mere speculative hope. In support of their contention that the Supreme Court could reverse *City of Hoboken*, Defendants identified six (6) petitions for writs of certiorari, filed between June 2022 and February 2023, in which the same group of defendant oil companies sought Supreme Court review of Circuit Court decisions on two of the jurisdictional bases Defendants raised in their NOR. (*See* ECF Nos. 1 at 4; 75-1 at 1; 88 at 4). Defendants also cited the Supreme Court's invitation for the Solicitor General to provide the views of the United States, as well as tensions among the Circuit Courts of Appeal on the reach of federal common law, in arguing that Supreme Court review was more likely. (ECF No. 88 at 4–7). Defendants noted that had they not effected timely removal, their access to federal jurisdiction would have been foreclosed in the event of a Supreme Court reversal. (*Id.* at 8–9).

## II.     DISCUSSION

### A.     Motion to Remand

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that

4

the district court lacks subject matter jurisdiction." A case initially filed in state court may be removed if the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts are limited in their original jurisdiction to hearing those claims "arising under" the Constitution or laws of the United States. *Pellot v. GGB LLC*, 551 F. Supp. 3d 509, 513 (D.N.J. 2021); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The party that removed the case has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Here, the parties removing the action have made clear that they no longer contest remand. Defendants' consent is plain from their consistent statements that their jurisdictional bases were premised on the Supreme Court granting certiorari in one of the six pending petitions. In their November 22, 2022 NOR, Defendants "recognize[d] that the removal grounds asserted here are the same as those that were recently rejected by the Third Circuit in two similar climate change-related cases." (ECF No. 1 at 4). Again on February 13, 2023, Defendants admitted that "[i]f the Supreme Court denies certiorari, the Third Circuit's decision in *Hoboken* will remain binding precedent, and Defendants will not have arguments to oppose Plaintiffs' motion [to remand], other than to preserve them for appeal." (ECF No. 77 at 1). And most recently on April 12, 2023, Defendants reiterated that their removal grounds were "foreclosed" under *City of Hoboken* and only argued in opposing removal the continued prospect of Supreme Court intervention because "there are now six certiorari petitions pending before the Supreme Court (including a petition to review [*City of Hoboken*]) that present the question whether cases like this one . . . belong in federal court." (ECF No. 88 at 2). As the Supreme Court has since denied all six pending petitions for certiorari, Defendants no longer have a valid argument that *City of Hoboken* will be reversed.

While the parties' consent alone does not justify remand, *see Nat'l Specialty Ins. Co. v. New Jersey Am. Water Co., Inc.*, No. 19-21122, 2020 WL 134216, at *2 (D.N.J. Jan. 13, 2020) (denying parties' joint motion to remand where proposed consent order lacked "any basis for remand other than the parties' agreement"), the Court finds that remand is clearly warranted in this case. *City of Hoboken* fatally forecloses each of Defendants' jurisdictional arguments. Defendants' preemption argument (ECF No. 1 at 14–27) fails because such an argument requires reliance on the "rare" federal statute that authorizes federal claims "vindicating the same interest as the state claim." *City of Hoboken*, 45 F.4th at 707 (citing *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 315 (3d Cir. 1994)). Because Defendants pointed to no such statute, that preemption argument is unavailable. Defendants also argued, both in this case and in their petition in *City of Hoboken*, that Plaintiffs' claims raise a "disputed and substantial" question of federal law. (ECF No. 1 at 124–43 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005))). However, the Third Circuit held that these are "not the kinds of substantial federal questions that support federal jurisdiction." *City of Hoboken*, 45 F.4th at 709. Defendants' three remaining jurisdictional arguments not raised in their petitions for certiorari are either also clearly barred or meritless.[2]

---

[2] Plaintiffs' claims are not removable under the Outer Continental Shelf Lands Act, *City of Hoboken*, 45 F.4th at 709–12, nor under the federal officer removal statute, *id.* at 712–13. The Third Circuit in *City of Hoboken* did not address the federal enclave jurisdiction arguments because Defendants abandoned them on appeal. However, the four Circuit Courts that have recently considered energy companies' argument on this point have uniformly rejected it. *See Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 748 (9th Cir. 2022), *cert. denied*, No. 22-495, 2023 WL 3046226 (U.S. Apr. 24, 2023); *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1271 (10th Cir. 2022), *cert. denied*, No. 21-1550, 2023 WL 3046222 (U.S. Apr. 24, 2023); *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 217 (4th Cir. 2022), *cert. denied*, No. 22-361, 2023 WL 3046224 (U.S. Apr. 24, 2023); *Rhode Island v. Shell Oil Prod. Co.*, 35 F.4th 44, 58 (1st Cir. 2022), *cert. denied*, No. 22-524, 2023 WL 3046229 (U.S. Apr. 24, 2023). As the Ninth Circuit explained, "[t]he connection between conduct on federal enclaves and the [plaintiffs'] alleged injuries is too attenuated and remote to establish that the Counties' cause of action is governed by the federal law applicable to any federal enclave." *Cnty. of San Mateo*, 32 F.4th at 750.

B.       Attorneys' Fees

In remanding a case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Awarding fees is "left to the court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). The general test is whether the removing party had an "objectively reasonable" reason to seek removal, but the Court's discretion allows departing from this standard under "unusual circumstances." *Id.* at 140–41. While Congress granted this power to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Id.* at 139–40.

Albeit a close call, the Court gives Defendants the benefit of the doubt and finds that this is, arguably, a non-"obvious" case in which removal was objectively reasonable under the circumstances. Defendants have consistently and candidly acknowledged that *City of Hoboken* squarely foreclosed their jurisdictional arguments, but that they removed to preserve their jurisdictional rights in the event the Supreme Court granted certiorari and reversed *City of Hoboken*. As Defendants correctly pointed out, had they waited for the Supreme Court's decision, they would have been precluded from seeking removal. *See* 28 U.S.C. § 1446(b)(1) (requiring removal within 30 days of service on the defendant of either the complaint or summons); *see also Horizon Blue Cross Blue Shield of New Jersey v. Speech & Language Ctr., LLC*, No. 22-1748, 2022 WL 3588105, at *3 (D.N.J. Aug. 22, 2022), (section 1446(b)(1)'s "30-day deadline is

---

Defendants recognize the futility of this argument by omitting any reference to federal enclave jurisdiction in opposing Plaintiffs' motion to remand. (ECF No. 88).

mandatory").[3]

The Court draws no precise line delineating how likely it must be that a binding precedent will be reversed before protective removal becomes "objectively reasonable." Defendants offered colorable reasons to believe that the Supreme Court would at least consider, if not overturn, the existing precedent. Defendants cited to six (6) pending petitions for certiorari before the Supreme Court. The petitions, which sought review of the same jurisdictional bases Defendants alleged in their removal notice here, raised theoretically plausible arguments that the Supreme Court should grant certiorari.

Plaintiffs offer little evidence that this brief detour to federal court prejudiced them. Defendants removed quickly with candor, before either discovery or motion practice commenced in the state forum. The time span this case has spent in a federal forum has spanned but months, long enough only for the Supreme Court to decide Defendants' pending petitions. Once in federal court, Defendants' motion practice was limited to moving to stay the case and opposing remand until the Supreme Court decided the petitions for certiorari. There is no suggestion that Defendants removed to delay the case or impose costs on Plaintiffs. *C.f. Montana v. Acra Turf Club, LLC*, No. 11-1394, 2011 WL 4703068, at *4 (D.N.J. Oct. 4, 2011). Nor is it clear that Plaintiffs strongly disagree. In their brief supporting removal, Plaintiffs devote two (2) cursory pages to the issue of fees. Plaintiffs' fee request also omitted any information about the amount of attorneys' fees requested, which is by itself grounds to deny Plaintiffs request. *See Wells Fargo Bank, N.A. v.*

---

[3] Plaintiffs argue that Defendants could have protected their jurisdictional rights via two less litigious avenues. (ECF No. 89 at 5–6). But as Plaintiffs acknowledge, neither avenue was sure to protect Defendants' removal rights. (ECF No. 89 at 6 n.4). Defendants can be forgiven for entrusting their hopes for federal jurisdiction to a safer procedural mechanism.

*Mastoris*, No. 13-5008, 2013 WL 6154531, at *6 (D.N.J. Nov. 22, 2013) (denying request for attorneys' fees upon remand "because the Plaintiff has not submitted an affidavit in support of its application and the Court is unable to determine what constitutes a reasonable amount").

### III.     CONCLUSION

For the reasons stated herein, Plaintiffs' motion to remand is GRANTED, and Plaintiffs' motion for costs and attorneys' fees is DENIED. Defendants' motion to stay is DENIED as moot. An appropriate Order follows.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2023

9